IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA M. ANDERSON, | ) | CASE NO.  1:14-CV-617 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | KENNETH S. McHARGH |
| | ) | |
| McCARTHY, BURGESS & WOLFF, | ) | |
| INC., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (Doc. No. 20) and Defendant's Memorandum in Opposition. (Doc. No. 22).  For the reasons that follow, Plaintiff's motion for collective action certification and court-authorized notice is DENIED.

I.     FACTS

Plaintiff Gina Anderson, on behalf of herself and all similarly situated individuals, brings this action against Defendant McCarthy, Burgess and Wolff, Inc. Defendant is a collection agency with two offices located in the greater Cleveland areas of Bedford Heights and Middleburgh Heights. (Declaration of Monica Zeman ("Zeman Dec.") at ¶ 3, Doc. No. 22-1). Defendant employs collectors, who are paid hourly, to recoup on delinquent accounts on behalf of its clients. (*Id.*).  These collectors typically work a 40 hour week and have a 30 minute unpaid lunch break. (*Id.* at ¶ 5).  Some collectors' shifts begin at 8:30 a.m. and end at 5:00 p.m., while others work two days a week with shifts beginning at 10:30 a.m. and ending at 7:00 p.m. (*Id.*).

1

Plaintiff was employed as a collector with Defendant's Middleburgh Heights facility from July 29, 2013, to September 23, 2013. (*Id.* at ¶ 4, 10).

Plaintiff claims Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, regarding pay for work activities before the start of collectors' morning and afternoon shifts. She contends that Defendant expected her, and other collectors, to be on the phone at 8:30 a.m. making calls in attempts to collect on debts. (Affidavit of Gina Anderson ("Anderson Aff.") at ¶ 7, Doc. No. 20-3). In order to ensure this, Plaintiff alleges she had to arrive at work early to turn on her computer, enter passwords, and clock-in electronically. (*Id.*). She purports that the process would generally take five minutes, but sometimes longer. (*Id.*). Plaintiff also argues that after returning from her unpaid lunch break, she had to undertake a "similar process," which shortened her break. (*Id.* at ¶ 8). She maintains that employees were not compensated for these pre-shift activities.

Defendant explains that beginning on September 30, 2011, collectors clocked-in and clocked-out using a computer program called "Paychex," which could not be accessed until employees started their computers. (Zeman Dec. at ¶ 6). Defendant's timekeeping program employed a system that rounded to the nearest 15 minute interval for the purpose of determining compensation. (*Id.* at ¶ 7). For instance, if a collector clocked-in at 8:37 a.m., she would be paid as though she clocked-in at 8:30 a.m. (*Id.*). Collectors could not log-in to their computers before 8:23 a.m. (*Id.* at ¶ 5). Based on declarations from a number of collectors, Defendant maintains the booting-up and clocking-in process took, on average, a total of three minutes in the morning and 30 seconds after lunch. (Selection of Declarations from Collectors, Doc. No. 22-2). Due to various reasons, such as system outages, collectors occasionally had issues clocking-in before 8:37 a.m., even if they arrived prior to that time. (Zeman Dec. at ¶ 9). When this occurred,

collectors were instructed to notify their supervisors that they were at work on time, and supervisors could manually change the collectors' timecards to ensure they were paid for all hours work. (*Id.*). Collectors were required to review their timecards for accuracy before Defendant issued paychecks. (*Id.*).

## II.  PROCEDURAL HISTORY

Plaintiff filed her Complaint alleging violations of the FLSA on March 20, 2014. (Doc. No. 1). On May 23, 2014, Defendant filed its Answer. (Doc. No. 5). On May 29, 2014, the Court issued its Case Management Conference Scheduling Order and a case management conference was held on August 22, 2014. (Doc. No. 12). Following the conference, the parties consented to the jurisdiction of the magistrate judge. (Doc. No. 13). A telephone status conference was held on September 4, 2014, during which the parties jointly requested additional time for targeted discovery on the issue of conditional certification. On September 11, 2014, the Court issued its Scheduling Order indicating that discovery relevant to the appropriateness of collective action certification was to be completed by November 13, 2014. (Doc. No. 17). On November 20, 2014, Marjorie Humes filed a notice of consent to join the suit, and Plaintiff filed her Motion for Conditional Certification and Court-Authorized Notice. (Doc. Nos. 19, 20). Defendant filed its Opposition on December 12, 2014. (Doc. No. 22). A hearing on the Motion for Certification was held on January 6, 2015.

## III.  LAW & ANALYSIS

Plaintiff argues that Defendant violated the FLSA by failing to pay required wages and overtime because it did not compensate collectors for the time it took to start and log-in to their computers. Plaintiff moves for conditional certification of a collective action under 29 U.S.C. § 216(b) and suggests the following class definition:

> All current or former Collectors employed during the past three years by Defendant and, when the time at the start of each scheduled shift/upon returning from lunch spent booting up and clocking in is included, worked more than 40 hours a week and were not compensated or compensated for such overtime work at an amount equaling less than one and one-half times the Collector's regular rate of pay based on a 40-hour work week.

Plaintiff alleges the class she wishes to certify contains approximately 250 to 300 hourly former and current collectors. Though not entirely clear from Plaintiff's brief, it appears she alleges that these employees may have worked at either one of Defendant's two locations. She maintains that the potential class members are subject to the same policy of performing uncompensated work duties prior to the start of their morning and afternoon shifts.

The FLSA permits a cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Act requires putative class members to opt-in to the action by providing their consent in writing and filing the consent with the court. *Id.* These types of suits are called "collective actions."

The Sixth Circuit follows a two-stage certification process to determine whether a proposed group of plaintiffs is similarly situated. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The first stage takes place at the beginning of discovery and is deemed the "notice" phase, after which the Court "determine[s] whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014). Courts employ a "fairly lenient standard," and generally require only a "modest factual showing" that the plaintiff's position is similar, but not necessarily identical, to that of other employees. *Comer*, 454 F.3d at 546; *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). Under its discretion, the district court may authorize notification of similarly situated employees to allow them to opt-in

to the lawsuit. *Hoffmann-La Rouche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). While the evidentiary threshold for demonstrating that similarly situated employees exist is not high, a plaintiff must demonstrate a factual nexus—that is, something more than mere allegations—to warrant conditional certification and the delivery of notice to potential class members." *Cox v. Entm't U.S.A. of Cleveland, Inc.*, No. 1:13-CV-2656, 2014 WL 4302535, at *1 (N.D. Ohio Aug. 29, 2014) (*quoting O'Neal v. Emery Federal Credit Union*, No. 1:13-CV-22, 2013 WL 4013167 (S.D. Ohio Aug. 6, 2013)).

At the second stage, the court makes a final determination on whether class members are similarly situated based on a review of the record after discovery is complete. *Schwab v. Bernard*, No. 5:11-CV-1216, 2012 WL 1067074, at *2 (N.D. Ohio Mar. 28, 2012). At this stage, "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." *Comer*, 454 F.3d at 547 (*quoting Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). Based on a multi-factor review, the court can decertify the proposed conditional collective action if it cannot be shown that plaintiffs are similarly situated. *Id.* at 546-47.

When the parties have been allowed to conduct some discovery on the issue of conditional certification, courts generally hold the plaintiff to a higher standard of proof than that typically employed at stage one to determine if conditional certification is proper. *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823-24 (N.D. Ohio 2011) (discussing cases) ("[C]ourts generally agree that allowing the parties to conduct some targeted discovery regarding the conditional certification question takes the question beyond the stage one evidentiary boundaries of the complaint's allegations and supporting affidavits."); *see also Cox*, 2014 WL 4302535, at *1-2; *Triggs v. Lowe's Home Centers, Inc.*, No. 1:13-CV-1897, 2014 WL 4162203, at *2 (N.D.

Ohio Aug. 19, 2014). Under this intermediate standard of proof, often called a "modest plus factual showing," the following principles apply:

- First, as is true when applying the more lenient standard, "the court's analysis is confined to evaluating whether the proposed class is 'similarly situated' and does not touch upon the merits of [the] plaintiffs' claims." *Creely*, 789 F. Supp. 2d at 826.

- Second, the court "should consider the evidence produced by [the] plaintiff and [the] defendant with the explicit acknowledgment that the body of evidence is necessarily incomplete." *Id.*

- Third, the court may consider, but the plaintiff is not required to show, the factors commonly considered under stage two in performing a "similarly situated" analysis, including, "(1) the disparate factual and employment settings of the individual opt-in plaintiffs; (2) the various defenses available to defendants with respect to individual plaintiffs; and (3) fairness and procedural considerations." *Id.* at 823, 826.

- Fourth, the court "resolv[es] any gaps or doubts in the evidence in favor of [the] plaintiffs based upon the incomplete, although potentially substantial, factual record in light of the equitable goals and policies embodied in the FLSA." *Id.* at 826.

As this court has further explained,

> [I]n order to provide some measurable standard by which to judge if Plaintiffs have made a sufficient modest "plus" factual showing, and to prevent the absurd result of granting the parties time to do discovery on the conditional certification question but subsequently imposing no incremental hurdle in determining whether Plaintiffs may send opt-in notices, this Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists. In other words, the Court will review whether Plaintiffs have advanced the ball down the field—showing that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs. And, because the Court will continue to use a lenient standard, Plaintiffs need not have moved the ball far down the field, but they need to have shown some progress as a result of the discovery as measured against the original allegations and defenses.

*Id.* at 827.

In the present case, Plaintiff had a substantial period of time to conduct discovery on the issue of conditional certification. The Court's May 29, 2014 order specifically directed the parties to begin discovery before the Federal Rule of Civil Procedure 26(f) conference. (Doc. No. 7). The Court's September 11, 2014 order then designated two additional months during which the parties were to perform targeted discovery on the issue of certification. (Doc. No. 17).

Plaintiff argues that because no depositions have been performed, the Court should analyze her motion under the more lenient first tier notice standard. In support of this assertion, Plaintiff cites to *Lacy v. Reddy Electric Company*, No. 3:11-CV-52, 2011 WL 6149842 (S.D. Ohio Dec. 9, 2011). Plaintiff's argument is not well-taken. The *Lacy* court refused to apply the heightened hybrid standard to a motion for certification because there had been no *joint* period of discovery on the certification issue. *Id.* at *3-4. After the plaintiffs had filed their motion for certification, defendants took the plaintiffs' depositions and subsequently filed a responsive motion. *Id.* at 2-4. Plaintiffs did not have the opportunity to pursue discovery on the issue of certification. *Id.* Here, unlike *Lacy*, both parties were specifically granted time to conduct targeted discovery to uncover evidence relevant to certification. Plaintiff's decision not to take depositions does not exempt her from the higher standard of proof triggered by virtue of the extended joint discovery period, which both parties requested.

In support of her motion for certification, Plaintiff produced three documents: (1) her own affidavit; (2) the affidavit of Marjorie Humes, a former employee of Defendant, (Affidavit of Marjorie Humes, ("Humes Aff."), Doc. No. 20-4); and (3) an affidavit from her counsel. (Affidavit of Daniel Mason ("Mason Aff."), Doc. No. 20-5). Despite being granted an extended period for targeted discovery, Plaintiff's evidence fails to demonstrate that it is more likely that a class of similarly situated employees would be uncovered were notice to be issued.

7

Plaintiff and Ms. Humes' affidavits add virtually no color to the primary claims advanced by Plaintiff.  The affiants largely reiterate the allegations in the complaint: that Defendant told collectors they needed to be ready to accept calls at 8:30 a.m. and immediately after lunch, resulting in unpaid time during which they started the computer system, logged-in, and opened various programs. (Anderson Aff. at ¶ 7-8; Humes Aff. at ¶ 6-7).  Neither affiant provides an explanation as to why this was their understanding or why Defendant expected them to be ready to make or accept a call at the very beginning of morning and afternoon shifts.  There is no further factual support for the allegation that this was a company-wide policy common to all members of the purported class.  Two employees alleging a belief that they were required to arrive early before shifts reflects what may well be no more than a misunderstanding on the part of a few employees. *See Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360 (E.D. Wisconsin Sept. 11, 2008) (holding that declarations from three employees stating the employer demanded they be ready to accept calls from the beginning of their scheduled work hour, requiring them to arrive at work early, were not sufficient to make even a modest factual showing that class members were similarly situated).  Additionally, both affiants worked at Defendant's Middleburgh Heights facility and provide no evidence regarding the policies in place at the Bedford Heights office. (Zeman Dec. at ¶ 10; Declaration of Marjorie Humes ("Humes Dec.") at ¶ 1, Doc. No. 22-3).

The affidavit from Plaintiff's counsel provides virtually no evidentiary support for conditional certification.  Counsel avers that he has spoken with several unnamed collectors, who recounted to him substantially similar histories as those set out in Plaintiff and Ms. Humes' affidavits. (Mason Aff. at ¶ 5-7).  However, courts "have repeatedly held that only admissible evidence may be considered in connection with a § 216(b) motion." *Harrison v. McDonald's*

*Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005) (citing cases) (hearsay statements of coworkers, which affiant allegedly overheard, were not admissible for the purpose of determining whether coworkers were similarly situated in a motion to conditionally certify). As a result, counsel's hearsay statements from other collectors cannot bolster Plaintiff's claim.

In his affidavit, counsel also asserts that he "believe[s]" most of the collectors he spoke to will begin to file consent forms and that there are "scores of other" employees who would like to join the suit. (Mason Aff. at ¶ 10). Although counsel articulates his personal beliefs, he provides no basis of knowledge for his claims that other employees will join the suit. At this juncture, given the time allotted for further discovery, these unsubstantiated and speculative assertions from counsel have little, if any, probative value in establishing the existence of other similarly situated employees. Overall, the affidavit supports the notion that Plaintiff did not meaningfully use the time for discovery, or if she did make significant attempts to investigate, scant evidence that Defendant implemented a more wide-spread policy was unearthed.

Defendant puts forth a compensation policy involving a rounding system, which it asserts results in proper compensation for all time worked under the FLSA. (Zeman Dec. at ¶ 5-9). Defendant also submits declarations from a significant number of employees attesting that it took approximately three minutes to start their computers in the morning and only 30 seconds after lunch. (Doc. No. 22-2). These collectors stated that they were compensated for all hours worked. (*Id.*). Additionally, Defendant argues that Ms. Humes' affidavit is contradicted in numerous regards by a prior signed declaration she made to Defendant. For example, Defendant asserts that in her declaration, Ms. Humes stated that she was paid for all hours worked and that Defendant did not employ a policy resulting in a loss of pay. (Humes Dec. at ¶ 5, 13).

Without making determinations regarding the merits of the claim or credibility, the undersigned finds Plaintiff's proffer of the previously discussed evidence insufficient to support conditional certification at this stage in the proceeding.  The Court was not surprised at Plaintiff's decision to request pre-conditional certification discovery, given that the complaint was essentially supported by the generalized assertions of a singular employee.  Having been granted permission to engage in discovery specifically designed to clarify the likely existence of a suitably large group of similarly aggrieved employees, Plaintiff was required to do something more to "move the ball."  Nevertheless, Plaintiff did not conduct depositions, obtain statements from managers or others with knowledge of Defendant's compensation practices, or present documents in support of a more wide-spread common policy.  While not mandated to utilize any particular available discovery tool to meets her obligation, the net result of Plaintiff's effort simply restates the theme of the original complaint, or a theory from two collectors, at best.  At this juncture, the meager quantum of "new" evidence uncovered by Plaintiff is insufficient to permit the Court to instruct Defendant to engage in the protracted process of notice to hundreds of current and past employees.  Thus, under the facts and circumstances of this case, conditional certification is unwarranted.

During a hearing held on January 6, 2015, the parties were given an opportunity to clarify issues related to whether conditional certification was appropriate.  Plaintiff's counsel indicated that he had received a third affidavit from an employee setting forth a theory similar to Plaintiff's regarding pre-shift compensation.  Counsel requested the opportunity to submit the affidavit. However, when this request was made, briefing on the issue had since closed. At this late juncture, the undersigned finds the request inappropriate, and accordingly, it is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice is DENIED.

IT IS SO ORDERED.

/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  January 15, 2015.